■ In the Matter of GRACE ANN L., a Child Alleged to be Neglected. COMMISSIONER OF SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN L. et al., Appellants. (Proceeding No. 1.) In the Matter of STEVEN L., JR., a Child Alleged to be Neglected. COMMISSIONER OF SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN L. et al., Appellants. (Proceeding No. 2.) In the Matter of GERARD L., a Child Alleged to be Neglected. COMMISSIONER OF SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN L. et al., Appellants. (Proceeding No. 3.) In the Matter of FRANK L., a Child Alleged to be Neglected. COMMISSIONER OF SUFFOLK

COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN L. et al., Appellants. (Proceeding No. 4.) [741 NYS2d 860] —In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the parents separately appeal from (1) an order of the Family Court, Suffolk County (Pach, J.), dated May 13, 1997, which continued custody of the children with the Commissioner of Suffolk County Department of Social Services until April 25, 1998, and (2) four orders of disposition of the same court, all entered May 19, 1997 (one as to each child), which, after fact-finding and dispositional hearings, adjudged the children to be permanently neglected by them, terminated their parental rights, and transferred custody and guardianship of the children to the Suffolk County Department of Social Services.

Ordered that the father's appeals are dismissed as abandoned; and it is further,

Ordered that the mother's appeal from the order dated May 13, 1997, is dismissed, without costs or disbursements, as the period of placement has expired, and that order has been superseded by the orders entered May 19, 1997; and it is further,

Ordered that the orders entered May 19, 1997, are affirmed insofar as appealed from by the mother, without costs or disbursements.

We have reviewed the record and agree with the mother's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738; Matter of McM., 255 AD2d 515). Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.